MILLS, Judge,
dissenting:
I dissent.
On 6 July 1976, the wife filed a petition seeking the dissolution of the marriage between her and the husband. The husband filed his answer on 27 July 1976 .admitting the marriage was irretrievably broken and requesting the trial court to award him the custody of the two minor children of the parties.
On 22 June 1977, the husband filed a counterpetition for dissolution of marriage and sought custody of the children and exclusive possession of the home and furnishings for the benefit of the children. A copy was mailed to the wife’s attorney. After trying to reach the wife by telephone, without success, the wife’s attorney wrote her a letter on 1 July explaining that she had to respond to the counterpetition within twenty days from 22 June or a default might be entered against her. He asked her if she desired for him to continue to represent her as she had not responded to his telephone calls. The husband’s attorney also wrote the wife a letter on the same date attaching a copy of his counterpetition and suggesting that she immediately contact her attorney concerning her representation.
On 2 August 1977, the husband’s attorney set the case for final hearing on 7 September.
On 5 August 1977, the wife’s attorney filed a motion to withdraw as her attorney because she failed to communicate with him and did not respond to his telephone calls and letters. He set the motion for hearing on 15 August serving the wife with copies of the motion and notice of hearing.
On 9 August 1977, the husband’s attorney mailed the wife a copy of his notice setting the case for final hearing on 7 September 1977.
By its order of 18 August, the court permitted the wife’s attorney to withdraw as her attorney and sent a copy to the wife.
On 7 September the wife showed up at the final hearing without an attorney. At first the court was hesitant to proceed without the wife having an attorney but after a discussion of the reasons why she had no attorney decided to proceed with the final hearing. At no time did the wife ask for a continuance but if by some stretch of the imagination she could be considered to have moved for a continuance under the facts presented by this record, the court certainly did not abuse its discretion in denying a continuance. The wife refused to cooperate with the attorney employed by her and made no effort to employ a replacement when he was permitted to withdraw, although there was plenty of time for her to engage new counsel. In fact, when the court entered a judgment adverse to her, it took her only several days to contact, employ and arrange for her previous attorney to appeal the judgment to the court.
The wife was given every opportunity to have her day in court. For reasons known only to her, she did not take advantage of this right. To the contrary, she deliberately refused to take advantage of this right. But now she asks that we permit her to start over. Too late. She should have thought of this sooner and proceeded properly at the appropriate time.
Although the majority has stated that the wife was of doubtful competency and in need of psychiatric care, I do not feel competent to reach such a conclusion from merely reading a cold record and without the benefit of observing the wife. I would *736 leave this decision to the trial court which did not reach this conclusion.
I find no merit in the arguments advanced by the wife and I would affirm the judgment appealed in all respects.